CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 14 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PHILLIP IRVING, | ) | CASE NO. 7:11CV00528 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Phillip Irving, a federal inmate proceeding pro se, filed this action styled as a "motion for an order of civil contempt" against the United States of America, pursuant to 18 U.S.C. § 401. Given the nature of Irving's claims, the court concludes that his pleading is properly construed and summarily dismissed as a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361.

I

Irving presents the following facts on which his claim for relief is based. On March 23, 2011, the court entered judgment convicting Irving of criminal offenses related to crack cocaine trafficking, sentencing him to a total term of 180 months imprisonment, and committing him to the custody of the United States Bureau of Prisons ("BOP") for service of that sentence. The judgment order also stated the court's "recommendation[ ] to the Bureau of Prisons [for Irving's] placement at [the BOP's prison facility at] Petersburg, VA, or, in the alternative, Butner, NC." In April 2008, BOP officials transferred Irving to Rivers Correctional Institution ("Rivers") in Winston, North Carolina, where he has remained confined ever since. Rivers is one of several prison facilities owned and operated by the GEO Group, Inc., a private, publicly traded corporation headquartered in the state of Florida. Irving makes no specific complaint about his living conditions at Rivers and alleges no respect in which he has been mistreated there.

Irving asserts that the respondent United States is in contempt of the court's criminal judgment order, because BOP officials are not confining him in a BOP-operated facility, where Irving could sue BOP officials under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for violations of his constitutional rights. Irving points to lawsuits in which inmates confined in GEO-operated prisons have sued BOP and GEO officials, claiming violations of their constitutional rights, only to have both types of officials argue that they are not subject to suit for such violations. BOP officials argue that inmates in GEO facilities are not "in BOP custody" and that GEO employees, as private contractors, are not agents of the BOP and their actions are not otherwise "fairly attributable" to the federal government. See Corr. Servs. Corp v. Malesko, 534 U.S. 61, 66 (2001); Holley v. Scott, 434 F.3d 287, 291-94 (4th Cir. 2006). Because inmates housed at BOP facilities can sue prison officials under Bivens, while Irving cannot, he asserts that the BOP is violating his constitutional right to equal protection of the laws under the Fourteenth Amendment and is, therefore, in contempt of this court's criminal judgment order. He asks the court to order the United States Attorney General to transfer him to a BOP-operated prison facility "where he can have the protection of Judicial review of Respondent's compliance with federal statutory and constitutional protections enjoyed by other federal prisoners incarcerated under a Judgment of conviction entered by the Federal Courts."

## II

As an initial matter, the court finds no ground on which the BOP is in contempt of the court's criminal judgment order that convicted and sentenced Irving. The judgment order did not require the BOP to house Irving in any particular facility or in BOP-operated facilities only, but merely recommended nearby prison facilities. Moreover, it is clear that the BOP is still fulfilling

2

its responsibility to calculate Irving's term of confinement and to ensure that he is, in fact, confined during the length of that term. Thus, the court cannot find any respect in which the BOP has not complied with the judgment order or is otherwise in contempt.[1]

Because the court found no support for Irving's stated claim of contempt, and because Irving seeks a court order directing a federal official to take a specific action to which Irving believes he is entitled, the court construed and docketed Irving's submission as a petition for a writ of mandamus under § 1361. See Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981) (finding that district court is not limited by the name that a litigant gives to his lawsuit and may liberally construe his submission as requesting appropriate relief). Irving's request for mandamus relief must be summarily dismissed, however, because he fails to state grounds on which he would be entitled to mandamus relief against anyone.

A writ of mandamus is a drastic remedy, only to be granted in extraordinary circumstances. In re: Beard, 811 F.2d 818, 826 (4th Cir. 1987). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means of relief and that his right to the relief sought is "clear and indisputable." Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (citations omitted). Courts are extremely reluctant to grant a writ of mandamus, and the decision is within the discretion of the court addressing the application for the writ. Beard, 811 F.2d at 827 (citations omitted).

Irving claims that he is being treated differently than other federal inmates confined in BOP institutions, because these inmates can sue prison officials under Bivens, while he cannot.

---

[1] In addition, Irving has no authority to proceed against anyone under the only contempt statute he cites, 18 U.S.C. § 401. This section is part of the federal criminal code, and in the federal system, private citizens cannot bring a direct criminal action against another person or petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 137 (1986) (noting that "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts").

3

The fact that inmates housed in different facilities do not enjoy exactly the same privileges or activities, however, does not present a constitutional violation. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989) (finding no equal protection violation where inmates sentenced in D.C. courts and housed in federal prisons could not earn good time credit at as favorable a rate as inmates sentenced in D.C. courts and housed in D.C. prisons); Strickler v. Waters, 989 F.2d 1375 (4th Cir. 1993) (finding no equal protection violation where inmate sentenced to state prison spent long period in local jail with less favorable conditions than state prison facility offered). Moreover, Irving fails to demonstrate that mandamus is his only avenue for redress. See, e.g., Corr. Services Corp, 534 U.S. at 72-74 (noting other remedies available to inmates in private prisons seeking to challenge prison conditions).

For the reasons stated, the court concludes that Irving's allegations do not support a finding of civil contempt or issuance of a mandamus against anyone. Therefore, the court will dismiss Irving's petition as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 14th day of November, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[2] Under § 1915A(b)(1), the court may summarily dismiss an action filed by a prisoner seeking redress from government entities or officials upon finding that the action is frivolous or malicious or fails to state a claim.